IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV296-03-MU

| | |
|---|---|
| NATHANIEL ASHFORD, | ) |
| Petitioner, | ) |
| v. | ) **O R D E R** |
| MECKLENBERG COUNTY JAIL, OFFICER ROSEHEAD, OFFICER WATSON, OFFICER OBELTERE, OFFICER KOONZE | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed June 20, 2005. (Document No. 2.)

Plaintiff alleges a variety of unrelated incidents in his Complaint. First, he complains that on October 16, 2004 he slipped and fell in his cell after a maintenance person fixed a plumbing problem but left some water on the floor. After the fall, Officer Obeltere would not allow him seek medical treatment resulting in his hand staying swollen for about one week. Next, on November 19, 2004, Officer Koonze witnessed Plaintiff falling in the day room on some spilled milk. Plaintiff claims he did not see the doctor or have x-rays taken, but instead was put on bed rest. According to the Plaintiff, it still hurts sometimes and he still has some numbness in his right leg and foot as well as his lower back. Plaintiff also complains about some incidents regarding his meal tray. He complains that he did not eat breakfast on a few occasions because his diet tray was wrong.

Plaintiff's Complaint fails to state a claim for relief and for the reasons stated in this Order

1

must be dismissed.

Plaintiff's allegations regarding his two slip and fall incidents do not rise to the level of a Constitutional challenge. His medical allegations with respect to these falls also do not state a claim for relief. A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). As an initial matter, no medical staff are named in the Plaintiff's Complaint. As a result of his first slip and fall, Plaintiff claims that Officer Obeltere refused to allow him to seek medical treatment and as a result his hand was swollen for a week. A swollen hand, even for a week, does not rise to the level of a serious medical need. Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Here, Officer Obeltere's decision to not allow Plaintiff to seek medical treatment, when his injury was a swollen hand, amounts to negligence at most. Negligence in the context of a medical claim is simply not sufficient to state a claim for relief. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

After his second slip and fall, Plaintiff claims he did not see a doctor or have an x-ray, but that "they" put him on bed rest. Plaintiff claims that as of March 7, 2005, he still has some pain in his right leg, foot and lower back as a result of the fall. Although, it is unclear who authorized/recommended Plaintiff be put on bed rest, someone did, presumably from the infirmary. Plaintiff does not name any medical staff in his Complaint but only names Officer Koonze in connection with his slip and fall. It seems Officer Koonze sent Plaintiff to the infirmary, since he was placed on bed rest. Plaintiff's Complaint fails to state a cause of action. Plaintiff may be concerned that an x-ray was not taken at the time of the fall, however, Plaintiff does not state a cause

of action against any named Defendant for the failure to take an x-ray.

Plaintiff's claim regarding his diet trays also must fail. Plaintiff claims that Officers Rosehead and Watson had something to do with his inability to eat breakfast on a couple of occasions. He indicates that Officer Watson signed for his breakfast tray and the refused to correct it when his special diet tray was incorrect and that Officer Rosehead would not call get his diet tray corrected.

Plaintiff's complaint does not contain any information as to what his dietary constraints are or when or how often his diet breakfast tray was incorrectly prepared. He does not explain why he could not eat the breakfast tray that was prepared or what injury he sustained in missing a meal by not eating the incorrectly prepared breakfast tray on those occasions. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(allegation that prisoner received three meals a day during workweek and two meals per day on weekends and holidays did not state a cruel and unusual punishment claim under the Eighth Amendment, in the absence of deleterious effects). Additionally, Plaintiff identifies Officers Rosehead and Watson POD supervisors, not employees of the kitchen staff. Therefore the Court presumes that his claims against them have to do with their refusal to call the kitchen staff to notify them of the mistake with Plaintiff's food tray and not in the preparation of the food itself. In order to state a claim for inadequate food, a plaintiff must show that the deprivation is serious and that the defendant is deliberately indifferent to a need. Wilson v. Seiter, 501 U.S. 294, 302-303 (1991). Plaintiff has not satisfied these elements in his conlcusory Complaint.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**Signed: July 25, 2005**

Graham C. Mullen
Chief United States District Judge